■ RICHARD PENNAMEN, Respondent, v TOWN OF BABYLON, Appellant. [927 NYS2d 164]—

The plaintiff allegedly tripped over a bent and defective storm drain grate located in the roadway at the end of his mother's driveway while he was carrying bags of yard debris to be placed at the curb for pick-up. He commenced this action against the defendant, Town of Babylon, alleging that he sustained personal injuries. The Town moved for summary judgment dismissing the complaint, contending that it lacked prior written notice of the alleged defective condition. The Supreme Court denied the Town's motion. We affirm.

Where a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries arising from a defective roadway condition unless it has received prior written notice of the dangerous condition or an exception to the prior written notice requirement applies (*see De La Reguera v City of Mount Vernon,* 74 AD3d 1127 [2010]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]). The Court of Appeals has recognized only two exceptions to the statutory prior written notice requirement, namely, where the municipality created the defect or hazard through an affirmative act of negligence or where a special use confers a benefit upon the locality (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Loughlin v Town of N. Hempstead,* 84 AD3d 1035 [2011]).

Here, the Town met its burden of establishing that it did not receive prior written notice of the alleged defective condition, thereby shifting to the plaintiff the burden of demonstrating that a triable issue of fact existed either in that regard or as to whether one of the *Amabile* exceptions applied (*see Groninger v Village of Mamaroneck,* 17 NY3d 125 [2011]; *Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Rochford v City of*

*Yonkers*, 12 AD3d 433 [2004]). However, the Supreme Court correctly determined that, in opposition, the plaintiff raised a triable issue of fact as to whether the Town created the defective condition within the meaning of the exception, based on the affirmative negligence of the Town which immediately resulted in the existence of the dangerous condition (*see Yarborough v City of New York*, 10 NY3d at 728; *Tumminia v Cruz Constr. Corp.*, 41 AD3d 585, 586 [2007]). The plaintiff raised a triable issue of fact as to whether the Town, during its cleaning of the subject storm drain on three occasions prior to the accident, immediately bent and damaged the subject storm drain grate based on the manner in which the Town removed the grate and put it back into place.

The Town's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.