■ SHULAMIT BRAVER et al., Appellants, v VILLAGE OF CEDARHURST, Respondent. [942 NYS2d 178]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated July 20, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On the afternoon of June 17, 2010, the plaintiff Shulamit Braver allegedly was injured when she tripped and fell on a sidewalk in a parking lot owned and operated by the defendant Village of Cedarhurst. The injured plaintiff allegedly tripped because of a height differential between the sidewalk and the curb. The injured plaintiff and her husband, suing derivatively, subsequently commenced this action against the Village alleging that it had negligently "caused, created, constructed, permitted and/or allowed the sidewalk" at the accident site to "become and remain in a dangerous, uneven, depressed and unsafe condition." In their bill of particulars, the plaintiffs thereafter alleged that the Village had created the dangerous sidewalk condition through a number of specified design and construction defects. The Village moved for summary judgment dismissing the complaint upon the ground that it had not received prior

written notice of the sidewalk defect as required by its prior written notice law (*see* Code of Village of Cedarhurst, art I, § 224-1), and the Supreme Court granted its motion.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (*id.*; *see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Pennamen v Town of Babylon*, 86 AD3d 599 [2011]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]). Exceptions to the prior written notice requirement have been recognized where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it (*see Amabile v City of Buffalo*, 93 NY2d at 474; *see also Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Pennamen v Town of Babylon*, 86 AD3d at 599). If one of these recognized exceptions applies, the written notice requirement is obviated (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 127 [2011]).

Although the Village established that it did not receive prior written notice of the allegedly dangerous condition, it failed to meet its burden of demonstrating its prima facie entitlement to judgment as a matter of law. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]), and, here, the plaintiffs alleged in their bill of particulars that the Village affirmatively created the dangerous condition which caused the accident through various specified acts of negligence in the design and construction of the sidewalk and parking lot (*see Gagnon v City of Saratoga Springs*, 14 AD3d 845 [2005]). Under these circumstances, the Village was required to eliminate all triable issues of fact as to whether it affirmatively created the allegedly dangerous condition through negligent design and construction in order to sustain its prima facie burden (*cf. Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003 [2011]; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2009]). Since the Village failed to do so, its motion for summary judgment should have been denied without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hill v Fence Man, Inc.*, 78 AD3d 1002, 1004-1005 [2010]). Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.