*1008 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated August 23, 2011, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell as a result of an alleged defect in a sidewalk in the Village of East Hampton. In her complaint and bill of particulars, the plaintiff alleged, among other things, that the defendant Village created the dangerous condition that caused her to trip and fall by its negligent design, installation, and construction of the sidewalk, the lighting, and the surrounding landscaping. The defendant moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged sidewalk defect. In support of the motion, the defendant submitted affidavits from its Clerk/Administrator and its Superintendent of Public Works, both of whom averred that they conducted a record search and found no record that the defendant had received written notice of the subject sidewalk defect, or any oral complaints relating to the sidewalk, lighting, or landscaping in the area. The Supreme Court denied the defendant’s motion, concluding that it failed to meet its prima facie burden. The defendant appeals. We affirm.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]; Pennamen v Town of Babylon, 86 AD3d 599 [2011]). Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it (see Amabile v City of Buffalo, 93 NY2d at 474; see also Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). When one of these recognized exceptions applies, the written notice requirement is obviated (see Groninger v Village of Mamaroneck, 17 NY3d 125, 127 [2011]).
In the instant matter, the defendant established that it did not receive prior written notice of the alleged dangerous condition. Nonetheless, it failed to meet its burden of demonstrating its prima facie entitlement to judgment as a matter of law. “[T]he prima facie showing which a defendant must make on a *1009 motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings” (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]; see Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). Here, the plaintiff alleged in her notice of claim, complaint, and bill of particulars that the defendant affirmatively created the dangerous condition which caused the accident through various specified acts of negligence in the design and construction of the sidewalk, the lighting, and the landscaping (see Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). Under these circumstances, the defendant was required to eliminate all triable issues of fact as to whether it affirmatively created the alleged dangerous condition through negligent design and construction to sustain its prima facie burden (see id.; cf. Rubistello v Bartolini Landscaping, Inc., 87 AD3d 1003 [2011]; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045 [2010]). Since the defendant failed to do so, the Supreme Court properly denied its motion for summary judgment without regard to the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Hill v Fence Man, Inc., 78 AD3d 1002, 1004-1005 [2010]).
The defendant’s remaining contentions need not be reached in light of our determination. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.