In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered June 28, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly sustained injuries when she tripped and fell as a result of an alleged defect in a sidewalk in the Village of Scarsdale. In her notice of claim, verified complaint, and verified bill of particulars, the plaintiff alleged, inter alia, that *798 the defendant Village created the dangerous condition that caused her to fall by negligently designing and constructing the sidewalk, and that she tripped because of a height differential between the raised and sloping bluestone sidewalk flags and the depressed cobblestones. The defendant moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect. In support of the motion, the defendant submitted affidavits from its Village Clerk and its Superintendent of Public Works, both of whom averred that they conducted a record search and found no record that the defendant had received written notice of the subject sidewalk defect. The Supreme Court granted the defendant’s motion.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471 [1999]; Miller v Village of E. Hampton, 98 AD3d 1007 [2012]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]; Pennamen v Town of Babylon, 86 AD3d 599 [2011]). “Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it” (Miller v Village of E. Hampton, 98 AD3d at 1008; see Amabile v City of Buffalo, 93 NY2d at 474; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). When one of these recognized exceptions applies, the written notice requirement is obviated (see Groninger v Village of Mamaroneck, 17 NY3d 125, 127 [2011]).
Here, the defendant established that it did not receive prior written notice of the alleged dangerous condition. Nonetheless, it failed to demonstrate its prima facie entitlement to judgment as a matter of law. “[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings” (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]; see Miller v Village of E. Hampton, 98 AD3d 1007 [2012]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). Here, the plaintiffs pleadings alleged that the defendant affirmatively created the dangerous condition that caused the accident through negligence in the design and construction of the sidewalk (see Miller v Village of E. Hampton, 98 AD3d 1007 [2012]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). Under these circumstances, the defendant was required to elim *799 inate all triable issues of fact as to whether it affirmatively created the alleged dangerous condition through negligent design and construction to sustain its prima facie burden (see Miller v Village of E. Hampton, 98 AB3d 1007 [2012]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]). The defendant failed to do so, and therefore, its motion for summary judgment should have been denied without regard to the sufficiency of the plaintiff s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Miller v Village of E. Hampton, 98 AD3d 1007 [2012]; Hill v Fence Man, Inc., 78 AD3d 1002, 1004-1005 [2010]). Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.