In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 7, 2012, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured on July 31, 2007, when she stepped on a catch basin cover on a sidewalk near her home. The cover dislodged, and the plaintiff fell into the catch basin. She commenced this action, alleging, inter alia, that the defendant, the Town of Hempstead, created the defect by installing an inadequate cover, or a cover of the wrong size, on the catch basin. The Town moved for summary judgment dismissing the complaint, contending that it had not received prior written notice of the alleged defect as required by the Town of Hempstead Code § 6-3. The Supreme Court concluded that the Town had established, prima facie, that it had not received written notice, which the plaintiff did not dispute, but it denied the motion on the basis of the doctrine of res ipsa loquitur, and the defendant appeals. We affirm, but not on the basis of res ipsa loquitur, which is not a recognized exception to statutory provisions requiring prior written notice of a defect.
Generally, a municipality that has enacted a prior-written-notice ordinance may not, in the absence of the required written notice of a defective condition, be subjected to liability for injuries caused by that condition. The Court of Appeals has recognized only two exceptions to the statutory rule requiring prior written notice, namely, “where the locality created the defect or hazard through an affirmative act of negligence . . . and where a ‘special use’ confers a special benefit upon the locality” (Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Braver v Village of Cedarhurst, 94 AD3d 933, 934 [2012]; Pennamen v Town of Babylon, 86 AD3d 599, 599 [2011]). If one of the
*1050 recognized exceptions applies, written notice is not required (see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128 [2011] ; Carlucci v Village of Scarsdale, 104 AD3d 797, 798 [2013]). Here, the plaintiff clearly alleged in her pleadings that the Town’s construction of the catch basin was faulty in that an inadequate cover was installed on the catch basin. Consequently, the Town was required to address that issue satisfactorily as part of its initial burden on its motion for summary judgment (see Carlucci v Village of Scarsdale, 104 AD3d at 798; Braver v Village of Cedarhurst, 94 AD3d at 934). The Town failed to establish, prima facie, that it had not created the dangerous condition by placement of an inadequate cover on the catch basin; in this respect, a defendant does not establish its entitlement to summary judgment merely by pointing out gaps in the plaintiffs case (see Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012] ). In the absence of the required showing, the Town’s motion was properly denied, without regard to the sufficiency of the plaintiffs’ papers submitted in opposition (see Carlucci v Village of Scarsdale, 104 AD3d at 798; Miller v Village of E. Hampton, 98 AD3d 1007, 1009 [2012]). Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.