■ WAYNE WILSON, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, et al., Defendant. [991 NYS2d 651]—

In an action to recover damages for personal injuries, the defendant Incorporated Village of Hempstead appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered June 10, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff seeks to recover damages for personal injuries he allegedly sustained on April 30, 2010, when his motorcycle allegedly drove over a pothole in a public street in the defendant Incorporated Village of Hempstead. In support of its motion for summary judgment, the Village submitted the affidavit of the Village Clerk, who stated that pursuant to the Code of the Village of Hempstead § 39-1 (B), written notice to the Village of a defect in a roadway prior to an accident is a condition precedent for the commencement of an action against the Village, and a search of Village records for the five-year period up to and including April 30, 2010, indicated that no prior written notice of the subject alleged defect was given. The Village also submitted the affidavit of its Director of the Department of Public Works, who stated that in March 2010, his department would have only made "cold patch repairs" of potholes, which are intended to be temporary, and the potholes may progressively return to their prior state, depending on weather conditions. In March, his department only did cold patch repairs because of the season. He explained that permanent repairs were done during warm weather.

In opposition, the plaintiff submitted the sworn statement of two witnesses who lived on the street where the accident occurred. The first witness stated that the pothole condition was so severe that in January 2010, he telephoned the Village and left a voicemail with information with respect to the condition. He further claimed that "the Village did come and repair the pothole, yet it was repaired incorrectly because the patches quickly fell apart." The second witness also claimed that he reported the pothole condition to the Village by telephone and the Village repaired the pothole about two weeks later, but the pothole reappeared only one week later, after a rainstorm, and "was in the same condition."

In the order appealed from, the Supreme Court denied the Village's motion on the ground that "[q]uestions of fact for the jury exist as to whether the Village created the condition in question by its repair and the manner in which it maintained the street in question and its potholes and defects."

The plaintiff contends that there is a triable issue of fact as to whether the Village received prior written notice of the defect, because the oral notice provided by residents of the street, including voicemail, could have been reduced to writing by an employee of the Village. However, Hempstead Village Code § 39-1 requires that "written notice of said defect causing the injuries or damages was actually given to the Village Clerk." There are no provisions permitting other types of notice, such as a written acknowledgment of oral notice (see *Dalton v City of Saratoga Springs*, 12 AD3d 899, 901 n 2 [2004]; *cf. Bruni v City of New York*, 2 NY3d 319 [2004]). Therefore, a verbal or telephonic communication which was reduced to writing by the Village would not satisfy the prior written notice requirement (see *Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]).

In *Yarborough v City of New York* (10 NY3d 726, 728 [2008]), the Court of Appeals noted that once the municipality establishes lack of written notice, "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality." A negligent repair of the defective condition is insufficient to establish that the municipality affirmatively created the defect (see *id.*; *Torres v City of New York*, 39 AD3d 438 [2007]). To fall within the exception, the repair must immediately result in a dangerous condition (see *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Laracuente v City of New York*, 104 AD3d 822 [2013]), which made the defective condition more dangerous than it was before

any efforts were made to repair it (*see Kushner v City of Albany*, 7 NY3d 726 [2006]; *Perrington v City of Mount Vernon*, 37 AD3d 571, 572 [2007]; *Padula v City of Long Beach*, 20 AD3d 555 [2005]).

The Village established its entitlement to judgment as matter of law based upon proof that it did not receive prior written notice of the subject defect, and did not affirmatively create the defect. In opposition, the plaintiff failed to raise a triable issue of fact. Indeed, the sworn statements of the plaintiff's own witnesses indicated that the defect was not immediately apparent after repairs were made, and that when the defect thereafter reappeared, the defect was "in the same condition."

The plaintiff's remaining contentions are without merit (*see Robinson v Bond St. Levy, LLC*, 115 AD3d 928 [2014]; *Zito v County of Suffolk*, 106 AD3d 814 [2013]).

Accordingly, the Village is entitled to summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.