■ MARGARET BARTELS, Appellant, v CITY OF NEW YORK, Respondent. [6 NYS3d 60]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated July 18, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained injuries after she tripped and fell in a tree well adjacent to P.S. 146 in Queens, on 98th Street between 158th and 159th Avenues. She served a notice of claim on the City of New York that stated, in pertinent part: "The claim arose on the 3rd day of September, 2010 at approximately 3:15 p.m. at premises located by P.S. 146 at 98th Street between 158th and 159th Avenue in the Borough of Queens, City and State of New York. While claimant was lawfully upon the aforesaid premises as a pedestrian she was caused to sustain serious and severe injury when she tripped, slipped and fell as a result of a defective sidewalk that was improperly constructed, improperly paved. Said sidewalk did not have proper curbing, was on a dangerous and hazardous incline, causing claimant to trip and fall, sustaining serious and severe injuries."

At a hearing conducted pursuant to General Municipal Law § 50-h, the plaintiff indicated that she fell in the vicinity of a tree well located outside P.S. 146 by marking the location of her fall on a photograph. The photograph depicted a large tree with loose earth and gravel, along with thick roots protruding to the surface.

Subsequent to the hearing, the plaintiff filed and served her complaint, wherein she alleged: "The [City] failed to correct dangerous and hazardous cracks and other conditions in said sidewalk; further, failed to create a barrier or fence around tree wells, creating dangerous and hazardous conditions; further, created the aforesaid condition; further, failed to rectify the aforesaid condition despite actual and constructive notice of same." The plaintiff annexed to the complaint a copy of a map filed with the City by the Big Apple Pothole & Sidewalk Protection Committee (hereinafter the Big Apple map) in 2003. The Big Apple map indicated that there were several tree wells without a fence or other barrier adjacent to P.S. 146.

The City moved for summary judgment dismissing the complaint, arguing that it did not have prior written notice of the alleged defect, that there was no evidence that the City caused or created the alleged defect, and that the plaintiff's claims based upon failure to create a barrier or fence around the subject tree well should be dismissed because this allegation was not included in the notice of claim. The Supreme Court granted the City's motion. It concluded that the Big Apple map did not constitute written notice of the alleged defect. Moreover, it determined that the plaintiff's claim of negligence based on the absence of a barrier or fence around the tree well was precluded due to the plaintiff's failure to include this allegation in her notice of claim.

"Administrative Code of the City of New York § 7-201 (c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects . . . [of] which its officials have been actually notified exist at a specified location" (*Katz v City of New York*, 87 NY2d 241, 243 [1995]). Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City (*see id.* at 243; *Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633 [1974]).

The City argues that this Court should follow the holding of the Appellate Division, First Department, in *O'Donoghue v City of New York* (100 AD3d 402 [2012]). In that case, the First Department, citing *D'Onofrio v City of New York* (11 NY3d 581 [2008]), held that certain defective conditions listed on a Big Apple map "only provided notice that every tree well on the block lacked a fence or barrier, which was not sufficient to bring the particular condition to the City's attention" (*O'Donoghue v City of New York*, 100 AD3d at 403).

In *D'Onofrio*, the Court of Appeals concluded that "[a] photograph of the area where [the injured plaintiff] fell does not show any surface irregularity or elevation. Since the defect shown on the Big Apple map was not the one on which the claim . . . was based, the lower courts in that case correctly set aside the verdict and entered judgment in the City's favor" (*D'Onofrio v City of New York*, 11 NY3d at 585). In so finding, the Court of Appeals affirmed an order of the First Department. The First Department had held that while the trial evidence showed that the injured plaintiff fell on a defective subway grating, the Big Apple map filed with the City "only depicted uneven or raised areas of the sidewalk" where the plaintiff fell (*D'Onofrio v City of New York*, 41 AD3d 235, 235

[2007]). Consequently, the jury's finding that the City had received prior written notice of the defect was not supported by the evidence presented at trial.

This Court relied upon the Court of Appeals' *D'Onofrio* opinion in *Daniels v City of New York* (91 AD3d 699 [2012]), in which the plaintiff allegedly fell over a defect in a crosswalk. This Court concluded that the City was entitled to summary judgment dismissing the complaint insofar as asserted against it since "[n]one of the defects shown on the Big Apple map was the one on which the plaintiff's claim was based, and, therefore the map did not give the City written notice of the defect" (*id.* at 700).

Here, the Big Apple map provided the City with notice that the subject tree well was unprotected and potentially hazardous. Indeed, the key to the Big Apple map, which has been in the City's possession since 2003, is entitled, in relevant part, "Survey Of Pavement Defects Sufficient To Cause A Hazard." Moreover, it is the failure to "fence" or place a barrier around the tree well, which is shown on the Big Apple map, that formed the basis of the plaintiff's cause of action. Therefore, the City did not meet its burden of demonstrating, prima facie, that it did not have prior written notice of the alleged defective condition (*see Katz v City of New York*, 87 NY2d at 243; *Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633 [1974]).

Moreover, the Supreme Court erred in concluding that the plaintiff's notice of claim precluded her from asserting a theory of liability based on the absence of a fence or barrier around the tree well. The purpose of the notice of claim is "[t]o enable authorities to investigate, collect evidence and evaluate the merit of a claim" (*Brown v City of New York*, 95 NY2d 389, 392 [2000]). Here, the plaintiff's notice of claim alleged a defective condition located adjacent to P.S. 146 on 98th Street, between 158th and 159th Avenues, in Queens. The City does not argue that its investigation of the claim was prejudiced based on the description provided by the plaintiff in the notice of claim (*see Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881 [2013]; *Matter of Seraita v City of Yonkers*, 292 AD2d 456 [2002]; *Konsker v City of New York*, 172 AD3d 361 [1991]). Nor has it articulated how investigating a defective sidewalk would differ from investigating an unsecured tree well at the same location. Moreover, any discrepancy as to the cause of the plaintiff's fall was remedied by the plaintiff's hearing testimony. Accordingly, the City failed to make a prima facie showing of its entitlement to judgment as a matter of law with respect to this issue.

The City's remaining contention is without merit.

Accordingly, the Supreme Court should have denied the City's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.