■ MARJORIE JOYCE, Respondent, v VILLAGE OF SALTAIRE, Appellant. [5 NYS3d 490]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), entered April 15, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that, on July 5, 2010, she slipped and fell while taking a shower at an open-air outdoor shower on the Broadway Beach boardwalk near the ocean in the Village of Saltaire on Fire Island. It is undisputed that the Village owned and maintained the outdoor shower area of the boardwalk on the date of the accident and for several years prior thereto, and that it had replaced the wood planking in the shower area of the boardwalk approximately one month prior to the accident.

A municipality that has enacted or is subject to a prior written notice statute, such as Village Law § 6-628 or CPLR 9804, may not be subjected to liability for injuries caused by a defective or dangerous condition that comes within the ambit of those laws, such as an alleged defective boardwalk (*see Ferris v County of Suffolk*, 174 AD2d 70, 72 [1992]), unless it has received written notice of the defect, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Palka v Village of Ossining*, 120 AD3d 641 [2014]; *Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]; *Pennamen v Town of Babylon*, 86 AD3d 599 [2011]). The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Sola v Village of Great Neck Plaza*, 115 AD3d 661 [2014]; *Braver v Village of Cedarhurst*, 94 AD3d at 934). Moreover, "the affirmative negligence exception 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Where, as here, the plaintiff expressly asserted in the complaint or a bill of particulars that the municipality created the defective condition by an affirmative act of negligence, the municipality, in order to make a prima facie showing in support of a motion for summary judgment, must demonstrate that it did not create the condition (*see Lipari v Town of Oyster Bay*, 116 AD3d 927, 928 [2014]). Here, the defendant failed to establish, prima facie, that it was entitled to judgment as a matter of law with respect to the claim that it created a defective or dangerous condition in the outdoor shower area at the Broadway Beach boardwalk though an affirmative act of negligence (*see Zielinski v City of Mount Vernon*, 115 AD3d 946 [2014]). Therefore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.