■ Joy Monaco et al., Respondents, v Gary T. Hodosky et al., Respondents, and Village of Bellport, Appellant. [7 NYS3d 197]—

In an action to recover damages for personal injuries, etc., the defendant Village of Bellport appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 26, 2014, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joy Monaco (hereinafter the plaintiff) allegedly tripped and fell over a defect in a sidewalk abutting premises owned by the defendants Gary T. Hodosky and Catherine A.

Hodosky (hereinafter together the Hodosky defendants) in the defendant Village of Bellport. The plaintiff, and her husband suing derivatively, commenced this action against the Hodosky defendants and the Village. The complaint alleged that the Village had created the subject defect by negligently patching a prior defect in that part of the sidewalk. The Village moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not have prior written notice of the defect and that it did not create the alleged hazardous condition.

In support of the motion, the Village submitted a transcript of the deposition testimony of Gary T. Hodosky, who testified that the Village made repairs to the subject area of the sidewalk approximately one year before the alleged accident, and that after the repairs were made, that area of the sidewalk was in good condition. He also testified at his deposition that at the time of the accident, the accident site was in the same condition as when the repair was first made. The Village also submitted transcripts of the General Municipal Law § 50-h hearing testimony and the depositions of the plaintiffs, wherein they testified that the plaintiff fell due to a height difference of four to six inches between two concrete slabs. The Supreme Court denied the motion.

A municipality that has enacted a prior written notice statute may not be subjected to liability for injuries caused by a defective condition in a sidewalk unless it either has received written notice of the defect or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692 [2014]; *Zielinski v City of Mount Vernon*, 115 AD3d 946 [2014]). Recognized exceptions to the prior written notice requirement exist where the municipality has created the defect through its affirmative negligence, or where a special use of the property has conferred a special benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Avellino v City of New York*, 107 AD3d 836 [2013]; *Miller v Village of E. Hampton*, 98 AD3d 1007 [2012]). The affirmative negligence exception is limited to work done by a municipality that immediately results in the existence of a dangerous condition (*see Yarborough v City of New York*, 10 NY3d 726 [2008]; *Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]; *Pennamen v Town of Babylon*, 86 AD3d 599 [2011]; *Hirasawa v City of Long Beach*, 57 AD3d 846 [2008]).

Where, as here, the plaintiffs alleged in their complaint that the Village created a defect by an affirmative act of negligence,

the Village, in order to establish its prima facie entitlement to judgment as a matter of law, must demonstrate that it did not create the condition (*see Lipari v Town of Oyster Bay*, 116 AD3d 927, 928 [2014]). The Village failed to do so. The conflicting testimony submitted by the Village presented triable issues of fact as to whether the Village's alleged repair work affirmatively created the alleged hazardous condition that proximately caused the plaintiff to fall (*see Yarborough v City of New York*, 10 NY3d 726 [2008]; *Giaquinto v Town of Hempstead*, 106 AD3d 1049 [2013]; *Pennamen v Town of Babylon*, 86 AD3d 599, 600 [2011]). Since the Village did not satisfy its initial burden as the movant, the burden never shifted to the plaintiffs to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court properly denied the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.