In an action to recover damages for. personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated July 31, 2013, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries when she tripped and fell over a raised portion of asphalt near a bus stop on Kings Highway in Brooklyn. The defendant City of New York moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have prior written notice of the subject roadway defect and that it did not create the roadway defect through an affirmative act of negligence. The plaintiff opposed and argued, as she does on appeal, that prior written notice of the physical defect in the roadway where she tripped and fell was not required because the City negligently designed the roadway, in violation of New York City Department of Transportation construction standards, by failing to construct it with a concrete bus pad that *1000 would have prevented formation of the defect. The Supreme Court granted the City’s motion, finding that the plaintiff failed to raise a triable issue of fact by neglecting to allege in her notice of claim an affirmative act theory of negligence.
Administrative Code of the City of New York § 7-201 (c) requires a plaintiff to “ ‘plead and prove that the City had prior written notice of a roadway defect, or dangerous or obstructed condition before it can be held liable for its alleged negligence related thereto’ ” (Minew v City of New York, 106 AD3d 1060, 1061 [2013], quoting Hubbard v City of New York, 84 AD3d 1313, 1315 [2011]; see Bartels v City of New York, 125 AD3d 583, 585 [2015]). “Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City” (Bartels v City of New York, 125 AD3d at 585). The two recognized exceptions to the prior written notice requirement are where the defect or hazard results from an “affirmative act of negligence” by the municipality, or a special use by the municipality that conferred a special benefit from it (Methal v City of New York, 116 AD3d 743, 743-744 [2014]; accord Minew v City of New York, 106 AD3d at 1061). Only when one of these exceptions applies is the written notice requirement obviated (see Carlucci v Village of Scarsdale, 104 AD3d 797, 798 [2013]).
The plaintiff’s contention that the City failed to install a concrete bus pad, resulting in the formation of a physical defect in the roadway which caused her to fall, does not amount to an “affirmative act of negligence.” Thus, the plaintiff’s claim requires prior written notice pursuant to Administrative Code of the City of New York § 7-201 (c) (see Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366 [1966]; Bartels v City of New York, 125 AD3d at 585). The City established its prima facie entitlement to judgment as a matter of law with evidence that it did not have prior written notice of the roadway defect and that the affirmative act exception to the prior written notice requirement alleged in the pleadings does not apply (see Oboler v City of New York, 8 NY3d 888, 889 [2007]; Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 958 [2015]; Carlucci v Village of Scarsdale, 104 AD3d at 798; Schleif v City of New York, 60 AD3d 926, 928 [2009]; Corey v Town of Huntington, 9 AD3d 345, 345 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff’s remaining contentions are without merit. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.