■ FLORENCE HANLEY, Appellant, v CITY OF NEW YORK, Respondent. [32 NYS3d 261]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated November 14, 2013, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from a motor vehicle accident that occurred on January 21, 2003, on Rockland Avenue in Staten

Island. Rockland Avenue is a two-lane roadway that runs north to south, with one lane in each direction. The then 18-year-old plaintiff testified at her deposition that she was operating a vehicle on the date of the accident, even though she did not have a driver license or a learner permit, and had never previously driven on Rockland Avenue. She testified that the accident occurred when her vehicle, which was proceeding north after having rounded a curve, left the paved roadway as its wheels on the right side veered into a seven-inch-deep rut running along the edge of the roadway. Her immediate reaction was to turn the wheel to the left to force the vehicle out of the rut, but she overcompensated the adjustment and drove across the roadway head-on into a vehicle that was traveling in the opposite direction. As a result of the accident, the plaintiff sustained physical injuries, and a 14-year-old passenger in her vehicle was killed.

In April 2004, the plaintiff commenced this action against the City of New York to recover damages for her personal injuries. The complaint alleged, among other things, that the City was negligent, inter alia, in failing to design and/or maintain the roadway in a reasonably safe condition. After discovery, the City moved for summary judgment dismissing the complaint, arguing that it did not have prior written notice of the alleged roadway defect, that it was entitled to qualified immunity for its highway planning decisions, and that the roadway as constructed was reasonably safe. The plaintiff opposed the City's motion, and also cross-moved for summary judgment on the issue of liability. The Supreme Court granted the City's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion. The plaintiff appeals from so much of the order as granted the City's motion for summary judgment.

Where a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries arising from a defective roadway unless it has received written notice of the defect, or an exception to the written notice requirement applies (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Bartels v City of New York, 125 AD3d 583, 585 [2015]). The only recognized exceptions to the prior written notice requirement are where the defect or hazard results from an "affirmative act of negligence" by the municipality, or a special use by the municipality that conferred a special benefit upon it (Methal v City of New York, 116 AD3d 743, 743 [2014]; see Carlucci v Village of Scarsdale, 104 AD3d 797, 798 [2013]). The affirmative negligence exception is limited to acts by the

municipality that immediately result in a dangerous condition (*see Oboler v City of New York*, 8 NY3d 888, 889-890 [2007]).

Here, the City established its prima facie entitlement to judgment as a matter of law by providing evidence that it did not have prior written notice of the alleged defective condition as required by Administrative Code of the City of New York § 7-201 (c) (2). Evidence of roadway defects other than that which caused the plaintiff's accident, in areas where the accident did not take place, are insufficient to constitute prior written notice (*see Pallotta v City of New York*, 121 AD3d 656, 657 [2014]; *Marshall v City of New York*, 52 AD3d 586, 587 [2008]; *cf. Bradley v City of New York*, 38 AD3d 581, 582 [2007]). The City also established, prima facie, insofar as relevant here, that it did not cause or create the alleged defect through an affirmative act of negligence, because the alleged defect was caused over time by erosion and other environmental factors (*see Yarborough v City of New York*, 10 NY3d at 728; *Oboler v City of New York*, 8 NY3d at 889; *Laracuente v City of New York*, 104 AD3d 822, 822-823 [2013]; *Schleif v City of New York*, 60 AD3d 926, 928 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. In essence, the plaintiff argued, through the combined opinions of an accident reconstruction expert and a professional engineer, that the City had created a dangerous and defective condition. Specifically, the accident reconstruction expert stated, based on photographs, that the City had intentionally constructed a drainage rut alongside the roadway. The professional engineer described the presence of a seven-inch drop off beyond the pavement and a narrowing of the roadway at the accident site. The affidavits of both experts were speculative and conclusory. The accident reconstruction expert provided no evidence that the City had undertaken any drainage-related activity at the accident scene during the nine years since the road had last been repaved that would have placed the City on immediate notice of any dangerous condition. Similarly, the plaintiff's professional engineer provided no evidence of how the roadway edge had been beveled in relation to the adjoining ground at the time it had last been paved or at any time thereafter as to place the City on immediate notice that the beveling was dangerous or improper. Moreover, neither expert identified any specific binding industry standard, code, rule, or regulation allegedly violated by the City in the construction or maintenance of the roadway's drainage, beveling, or width (*see Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 61 [2006]). Further, neither expert explained how the

City could have been on immediate notice of a defectively created roadway condition if, as is the case here, several years had passed at the accident site without vehicular incident (*see Pinter v Town of Java*, 134 AD3d 1446, 1447 [2015]; *Soto v City of New York*, 63 AD3d 1035, 1037 [2009]).

In light of our determination, the parties' remaining contentions need not be addressed.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur. ■