Gutierrez-Contreras v Village of Port Chester (2019 NY Slip Op 04145)





Gutierrez-Contreras v Village of Port Chester


2019 NY Slip Op 04145


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-11276
 (Index No. 51972/15)

[*1]Maria Martha Gutierrez-Contreras, appellant,
v
Village of Port Chester, respondent, et al., defendants.


Guerrero & Rosengarten, New York, NY (Howard M. Rosengarten, Susan R. Nudelman, and Michael Zhu of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Christine Gasser], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 27, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Village of Port Chester and Town of Rye which was for summary judgment dismissing the complaint insofar as asserted against the defendant Village of Port Chester.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2014, the plaintiff allegedly was walking in a crosswalk across a public street in the Village of Port Chester when she stepped in a pothole, lost her balance, and fell, sustaining injuries. The plaintiff thereafter commenced this action against, among others, the Village to recover damages for personal injuries. The Village, jointly with another defendant, moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, among other things, granted that branch of the motion, and the plaintiff appeals.
Where a municipality has enacted a prior written notice law, it cannot be held liable for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received such notice (see Liverpool v City of New York, 163 AD3d 790, 791). However, the courts have recognized an exception to the prior written notice requirement in circumstances where "the municipality affirmatively created the defect through an act of negligence" (Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128; Liverpool v City of New York, 163 AD3d at 791). This exception is limited to work performed by the municipality that immediately resulted in the existence of a dangerous condition (see Yarborough v City of New York, 10 NY3d at 728; Liverpool v City of New York, 163 AD3d at 791; Wilson v Incorporated Vil. of Hempstead, 120 AD3d 665, 666-667).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster [*2]v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, the plaintiff alleged, in her pleadings, that the Village created the alleged dangerous condition by virtue of repairs that it performed in the area. Thus, to establish its prima facie entitlement to judgment as a matter of law, the Village was required to demonstrate, prima facie, both that it did not have prior written notice of the alleged defect, and that it did not create the alleged defect (see Trela v City of Long Beach, 157 AD3d 747, 750; Loghry v Village of Scarsdale, 149 AD3d 714, 715; McManus v Klein, 136 AD3d 700, 701; Lima v Village of Garden City, 131 AD3d 947, 948; Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 958; Wald v City of New York, 115 AD3d 939, 941; Giaquinto v Town of Hempstead, 106 AD3d 1049, 1050; Carlucci v Village of Scarsdale, 104 AD3d 797, 798).
There is no dispute that the Village had enacted a prior written notice law covering the subject defect (see Village of Port Chester Charter, Title VII, § 16), and that the Village did not receive such notice. Further, the Village met its prima facie burden of demonstrating that it did not affirmatively create the defective condition. The Village submitted an affidavit of an employee and a transcript of the employee's deposition testimony, demonstrating, prima facie, that it had not performed any repairs other than pothole repairs in the subject area in the last five years, and that pothole repairs were accomplished at that time using "cold patch," which is only temporary. In other words, after some time, a pothole filled with cold patch returns to its prior condition. Under these circumstances, the Village demonstrated, prima facie, that it had not made a repair that immediately resulted in a dangerous condition (see Wilson v Incorporated Vil. of Hempstead, 120 AD3d at 666). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Village.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court