Zabawa v Sky Mgt. Corp. (2020 NY Slip Op 02737)





Zabawa v Sky Mgt. Corp.


2020 NY Slip Op 02737


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11464 162795/14

[*1] Katarzyna Zabawa, Plaintiff-Respondent,
v
Sky Management Corp., et al., Defendants-Appellants.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Law Office of Rosemarie Arnold, New York (Maria R. Luppino of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 14, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish prima facie entitlement to judgment as a matter of law in this action where plaintiff, while exiting the shower in her boyfriend's apartment, lost consciousness and fell against an uninsulated steam pipe, resulting in third-degree burns to her thigh. Defendants failed to show that Administrative Code of City of NY § 27-809, which requires certain heating pipes to be insulated, did not apply to the building, and that no exception to the grandfathering provision was applicable. The conclusory affidavit of defendants' property manager averring that the building was governed by the 1938 Building Code because in "no 12 month period since that time have defendants or anyone acting on their behalf expended as much as 30% of the value of the building in alterations and/or renovations" (see Administrative Code § 27-117), did not conclusively show that alterations in excess of 30% of the value of the property were not made to the building in any 12-month period (see White v New York City Hous. Auth., 139 AD3d 579 [1st Dept 2016]). The affidavit also fails to show that the costs of the 2011 alterations defendants acknowledged making to the subject apartment were not between 30% and 60% of the value of the building (see Administrative Code § 27—116).
Furthermore, defendants' expert affidavit of their professional engineer stating that the building's steam heating system conformed to the requirements of the Building and Energy Codes of the City of New York failed to satisfy defendants' initial burden. The expert never inspected the building's heating system, the records of that system or the accident location (see Pastabar Café Corp. v 343 E. 8th St. Assoc., LLC, 147 AD3d 583, 585 [1st Dept 2017]; V.W. v Middle Country Cent. Sch. Dist. at Centereach, 175 AD3d 638, 639 [2d Dept 2019]).
For these reasons defendants are not entitled to summary judgment on plaintiff's claim that defendant's negligence in keeping the bathroom's steam pipe in a reasonably safe condition proximately caused the accident (see Mora v Cammeby's Realty Corp., 106 AD3d 704, 705 [2d Dept 2013]).
In view of defendants' failure to establish their prima facie entitlement to judgment as a matter of law, there is no need to consider the sufficiency of the opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK