Highland Meadows Senior Hous. Dev. Fund Co., Inc. v Westchester County Health Care Corp. (2024 NY Slip Op 02045)

Highland Meadows Senior Hous. Dev. Fund Co., Inc. v Westchester County Health Care Corp.

2024 NY Slip Op 02045

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-01212
 (Index No. 61400/17)

[*1]Highland Meadows Senior Housing Development Fund Company, Inc., et al., appellants, 
v
Westchester County Health Care Corporation, respondent.

The Law Offices of Patrick J. Higgins, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Morrison Cohen LLP, New York, NY (Y. David Scharf, Kristin T. Roy, and Michael Mix of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an easement agreement and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), entered December 30, 2019. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the complaint and dismissing the defendant's second affirmative defense.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiffs' motion which were for summary judgment (1) on the issue of liability on so much of the cause of action to recover damages for breach of the easement agreement as related to work on the common access drive to reclaim existing pavement; install foundation, binder, and top course; seal; and stripe, (2) declaring that this work is covered by the easement agreement and that the defendant is required to pay its 51.4% share of costs related to those categories of work, and (3) dismissing the second affirmative defense, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including a hearing on the issue of damages in accordance herewith, and thereafter for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
The plaintiffs and the defendant own adjoining parcels of property in Beacon that are both encumbered by a reciprocal easement deceleration, restrictive covenant, and consent agreement dated November 13, 2013 (hereinafter the easement agreement). The easement agreement concerns, inter alia, an O-shaped private road that provides access to both parties' parcels (hereinafter the common access drive). The easement agreement contains a cost-sharing provision stating that the defendant shall pay 51.4% of the actual costs for (1) "any maintenance, repairs or service" that is "required to sustain and extend the useful life of the Common Access Drive, and keep the Common Access Drive useable and open for safe vehicle passage," and (2) "any action relating to the Common Access Drive which may be required by any law, regulation, ordinance or governmental authority." The easement agreement provides that for any improvements to the common access drive [*2]costing more than $10,000, the plaintiffs are required to provide notice and a description of the work to the defendant for its concurrence in the proposed work, "which concurrence shall not be unreasonably withheld, conditioned or delayed."
In October 2016, the plaintiffs sent notice to the defendant describing proposed work on the common access drive totaling $480,997.17 and stating that the defendant's 51.4% share was $247,232.55. The plaintiffs listed the items of work being proposed, including, among other things, work to reclaim the existing pavement; install foundation, binder, and top course; seal; and stripe, as well as work to install new curbing, signage, and lighting along the common access drive. In a letter in response, the defendant stated that it was not responsible for the costs of the proposed work because the proposed work was not included in the scope of the easement agreement. After the exchange of additional letters in which the parties did not change their position, the plaintiffs commenced this action against the defendant to recover damages for breach of the easement agreement and for declaratory relief. The first cause of action alleged that the defendant breached the easement agreement by failing to concur with the proposed work on the common access drive and failing to pay for 51.4% of the costs of that work. The second cause of action sought a judgment declaring that the defendant is responsible for 51.4% of the costs of the proposed work on the common access drive pursuant to the easement agreement, plus an award of attorneys' fees, costs, and expenses incurred in this action. In its answer, the defendant asserted, as a second affirmative defense, that it was not bound by the easement agreement because it does not run with the land.
Following the completion of discovery, the plaintiffs moved, inter alia, for summary judgment on the complaint and dismissing the defendant's second affirmative defense. In an order entered December 30, 2019, the Supreme Court, among other things, denied those branches of the plaintiffs' motion, concluding that triable issues of fact precluded an award of summary judgment. The plaintiffs appeal.
When determining a dispute based on an easement agreement, a court must first look to the language of the easement agreement. As with any contract, unambiguous provisions of an easement agreement must be given their plain and ordinary meaning, the parties' intent must be found within the four corners of the document, and interpretation is a question of law for the court (see 114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC, 178 AD3d 757, 760; Goodman v CF Galleria at White Plains, LP, 39 AD3d 588, 589).
Here, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's second affirmative defense, alleging that the defendant is not bound by the easement agreement because it does not run with the land, as the defendant concedes that it is bound by the easement agreement (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, as the parties concede, there is no ambiguity as to the plain and ordinary meaning of the cost-sharing provision in the easement agreement that required the defendant to pay 51.4% of the costs associated with maintaining, repairing, and servicing the common access drive. Contrary to the defendant's contention, the easement agreement did not include only routine maintenance items, but also included, inter alia, any costs associated with reconstructing, regraveling, and repaving the common access drive in order to sustain and extend its useful life and keep it useable and open for safe vehicle passage.
The plaintiffs established, prima facie, that the defendant breached the easement agreement by withholding its concurrence and refusing to pay its share of the costs for work on the common access drive to reclaim existing pavement; install foundation, binder, and top course; seal; and stripe. The plaintiffs' evidentiary submissions demonstrated that these costs were included in the easement agreement's cost-sharing provision because this work was "required to sustain and extend the useful life of the Common Access Drive, and keep the Common Access Drive useable and open for safe vehicle passage." The plaintiffs submitted an affidavit and a report from a licensed professional engineer who observed deterioration on the surface of the common access drive, including numerous potholes, cracking, and moving and breaking asphalt. The engineer opined, [*3]based on coring samples of the common access drive, that because the subsurface material of the common access drive was substandard and of an insufficient thickness, the upper layers would continue to exhibit surface failures, and that the proposed work was appropriate and necessary to repair the common access drive.
In opposition, the defendant submitted an affidavit and a report from a professional engineer. Rather than raise a triable issue of fact, the defendant's engineer conceded that, at most, a portion of this work totaling $77,178.11 was covered by the easement agreement's cost-sharing provision (see Wize Eyes of Syosset, Inc. v Turnpike Corp., 66 AD3d 884, 885). For the portion of this work that the engineer did not concede was covered by the easement agreement, his opinion was conclusory, and he failed to rebut the assertions of the plaintiffs' engineer that the substandard material and deficient thickness of the common access drive's subsurface needed to be corrected to address the reason for its failing surface (see Hanley v City of New York, 139 AD3d 800, 802). Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on so much of the cause of action alleging breach of the easement agreement as related to work on the common access drive to reclaim existing pavement; install foundation, binder, and top course; seal; and stripe, and declaring that this work is covered by the easement agreement and that the defendant is required to pay its 51.4% share of costs related to those categories of work.
The plaintiffs, however, failed to establish, prima facie, that the costs related to signage, lighting, and curbing were covered by the easement agreement's cost-sharing provision requiring the defendant's contribution for work required by a law, regulation, ordinance, or governmental authority. The plaintiffs submitted affidavits from experts who stated that the new lighting, signage, and curbing were required by the City of Beacon, but these statements were conclusory because the experts did not cite any provision of the City's codes or regulations, nor did they cite or provide any direction from the City substantiating the statements (see Zabawa v Sky Mgt. Corp., 183 AD3d 430, 431; Hanley v City of New York, 139 AD3d at 802). As the plaintiffs failed to meet their prima facie burden, we need not consider the sufficiency of the defendant's opposition papers with respect to these items of work (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The amount of damages sustained by the plaintiffs as a result of the defendant's breach of the easement agreement with respect to work to improve the surface of the common access drive by reclaiming the existing pavement; installing foundation, binder, and top course; sealing; and striping is the amount that would place them "'in the same position as [they] would have been in if the contract had not been breached'" (DRS Optronics, Inc. v North Fork Bank, 43 AD3d 982, 986, quoting Wai Ming Ng v Tow, 260 AD2d 574, 575). Since the purpose of the easement agreement was to require the defendant to pay 51.4% of the "actual cost" of the work to maintain the common access drive, computation of the plaintiffs' damages requires a determination of the actual cost for this work. The record is insufficient to establish the actual cost for this work, as it is unclear whether the work performed by the plaintiffs covered by the easement agreement could be done at another cost. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing on damages with respect to items for which the plaintiffs established their entitlement to summary judgment on the issue of liability and, since this is, in part, a declaratory judgment action, for the entry of a judgment thereafter, inter alia, declaring that the aforementioned items of work are covered by the easement agreement and that the defendant is required to pay its 51.4% share of those associated costs to the plaintiffs (see Lanza v Wagner, 11 NY2d 317, 334).
The parties' remaining contentions are without.
DILLON, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court