■ ANGELO PELOSO et al., Respondents, v COUNTY OF PUTNAM, Appellant, et al., Defendants. [774 NYS2d 355]—

In an action to recover damages for personal injuries, etc., the defendant County of Putnam appeals from an order of the Supreme Court, Putnam County (Sweeny, J.), dated June 9, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant and the action against the remaining defendants is severed.

The Supreme Court erred in denying the motion of the defen-

dant County of Putnam for summary judgment dismissing the complaint insofar as asserted against it. The County demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it did not receive prior written notice of unsafe icing conditions on the subject parking lot as required by its Local Law No. 6 (1983) of County of Putnam (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Cenname v Town of Smithtown,* 303 AD2d 351 [2003]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact.

It is well settled that a locality which has enacted a prior written notice statute may not be subject to liability for personal injuries sustained solely as a consequence of the existence of snow or ice upon a street or public highway, unless it either received actual written notice of the dangerous condition, its affirmative act of negligence proximately caused the accident, or a special use confers a special benefit on the locality (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Frullo v Incorporated Vil. of Rockville Ctr.,* 274 AD2d 499 [2000]).

It is undisputed that the County did not receive prior written notice of the icy condition that allegedly caused the plaintiff's fall. Contrary to the plaintiffs' contention, the failure of County employees to routinely follow an internal policy requiring documentation of all telephone calls made to the County does not raise a triable issue of fact as to the existence of prior written notice (*see Cenname v Town of Smithtown, supra; Anderson v Town of Smithtown,* 292 AD2d 406 [2002]). Moreover, the fact that the County's employees may have inspected the area and performed salting work for the purpose of eliminating slipping hazards before the accident does not obviate the need for prior written notice (*see Amabile v City of Buffalo, supra; Cenname v Town of Smithtown, supra).*

The plaintiffs' remaining contentions are without merit. Smith, J.P., Luciano, Adams and Rivera, JJ., concur.