■ NICKOLAS P. CIMINO et al., Appellants, v COUNTY OF NASSAU, Respondent, et al., Defendants. (And a Third-Party Action.) [963 NYS2d 698]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 28, 2011, as granted that branch of the motion of the defendant County of Nassau which was for summary

judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Nickolas P. Cimino allegedly was injured when his motorcycle struck a defective condition on Merrick Road in Nassau County. The plaintiffs allege, inter alia, that the County failed to properly maintain Merrick Road, and that the County created the defective condition. The County moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]; *Pennamen v Town of Babylon*, 86 AD3d 599 [2011]). "Exceptions to the prior written notice requirement have been recognized where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Braver v Village of Cedarhurst*, 94 AD3d at 934; *see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Amabile v City of Buffalo*, 93 NY2d at 474).

Here, the County established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not have prior written notice of the alleged defective condition as required by the Administrative Code of the County of Nassau § 12-4.0 (e) (*see Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *Spanos v Town of Clarkstown*, 81 AD3d 711 [2011]), and that it did not make the repairs to Merrick Road which allegedly constituted the defective condition (*cf. Braver v Village of Cedarhurst*, 94 AD3d at 934). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.