■ REMY HANNIBAL, Appellant, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Defendants, and COUNTY OF NASSAU, Respondent. [973 NYS2d 742]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 15, 2012, as granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly sustained injuries when he tripped and fell as a result of a water cap protruding from a sidewalk in front of the courthouse of the First District Court of Nassau County. The plaintiff commenced the instant action against, among others, the County of Nassau. The County moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that it had not received prior written notice of the alleged defect. The Supreme Court granted that branch of the County's motion.

Where, as here, a locality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Cimino v County of Nassau*, 105 AD3d 883, 884 [2013]; *Peloso v County of Putnam*, 6 AD3d 411, 412 [2004]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *see Amabile v City of Buffalo*, 93 NY2d at 474). "When one of these recognized exceptions applies, the written notice requirement is obviated" (*Carlucci v Village of Scarsdale*, 104 AD3d 797, 798 [2013]; *see Groninger v Village of Mamaroneck*, 17 NY3d 125, 127 [2011]).

Here, the County established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not have prior written notice of the alleged defective condition as required by the Administrative Code of the County of Nassau § 12-4.0 (e) (*see Cimino v County of Nassau*, 105 AD3d at 884). However, in opposition, the plaintiff raised a triable issue of fact as to whether the "special use" exception to the statutory rule requiring prior written notice applies (*see Posner v New York City Tr. Auth.*, 27 AD3d 542, 544 [2006]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31668(U).]**