(September 30, 2015)

■ PETAR BACHVAROV, Respondent-Appellant, v LAWRENCE UNION FREE SCHOOL DISTRICT, Appellant, and COUNTY OF NASSAU, Respondent. [17 NYS3d 168]—

In an action to recover damages for personal injuries, (1) the defendant Lawrence Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated January 16, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion for summary judgment against the defendant County of Nassau on the issue of prior written notice of the alleged defective condition, and (2) the defendant Lawrence Union Free School District appeals, as limited by its brief, from so much of an order of the same court dated April 14, 2014, as, upon reargument, adhered to its original determination in the order dated January 16, 2014, denying its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order dated April 14, 2014, as, upon reargument, adhered to the original determinations in the order dated January 16, 2014, granting the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against it and denying his cross motion for summary judgment against the defendant County of Nassau on the issue of prior written notice of the alleged defective condition.

Ordered that the appeal and the cross appeal from the order dated January 16, 2014, are dismissed, as that order was superseded by the order dated April 14, 2014, made upon reargument; and it is further,

Ordered that the order dated April 14, 2014, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order dated January 16, 2014, denying the motion of the defendant Lawrence Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is vacated, and thereupon, the motion the defendant Lawrence Union Free School District for summary judgment is granted; and it is further,

Ordered that the order dated April 14, 2014, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly sustained personal injuries when she

tripped and fell over a defect in a sidewalk abutting a premises owned by the defendant Lawrence Union Free School District (hereinafter the School District) in the defendant County of Nassau (hereinafter together the defendants). The plaintiff commenced this action against the defendants, and the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of prior written notice of the alleged defective condition insofar as asserted against the County. In the order appealed from dated January 16, 2014, the Supreme Court granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for summary judgment on the issue of prior written notice of the alleged defective condition insofar as asserted against the County. In addition, the court denied the School District's motion for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from dated April 14, 2014, upon reargument, the Supreme Court adhered to its original determinations.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Brennan v Town of N. Hempstead*, 122 AD3d 892 [2014]). An abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where, as is relevant here, the landowner breached a specific ordinance or statute which obligates the owner to maintain the sidewalk (*see Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698 [2013]; *O'Toole v City of Yonkers*, 107 AD3d 866 [2013]; *Romano v Leger*, 72 AD3d 1059 [2010]). "In order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he will be liable to those who are injured" (*Conlon v Village of Pleasantville*, 146 AD2d 736, 737 [1989]; *see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908, 909 [2014]).

Here, the School District established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that there was no code provision which placed upon landowners the duty to maintain abutting sidewalks in good condition and imposed tort liability upon them for injuries caused by a violation of that duty (*see Maya v Town of Hemp-*

*stead*, 127 AD3d 1146 [2015]; *Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d at 909). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, upon reargument, the Supreme Court should have granted the School District's motion for summary judgment dismissing the complaint insofar as asserted against it.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies" (*Cimino v County of Nassau*, 105 AD3d 883, 884 [2013]; *see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Fryc-Cannella v Town of N. Hempstead*, 127 AD3d 1135 [2015]; *Sola v Village of Great Neck Plaza*, 115 AD3d 661, 662 [2014]). "The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it" (*Levy v City of New York*, 94 AD3d 1060, 1060 [2012]; *see Amabile v City of Buffalo*, 93 NY2d at 474; *Halitzer v Village of Great Neck Plaza, Inc.*, 63 AD3d 882, 883 [2009]).

Insofar as is relevant here, the County established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of a County employee, which indicated that she had conducted a search of the relevant records covering the period of five years prior to the date of the accident and had found no prior written notice of a defective condition corresponding to the condition alleged by the plaintiff (*see Pallotta v City of New York*, 121 AD3d 656, 657 [2014]; *Petrillo v Town of Hempstead*, 85 AD3d 996, 998 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. The fact that the Nassau County Department of Public Works received prior written notice did not satisfy the statutory requirement that prior written notice be given to the Office of the County Attorney (*see Gorman v Town of Huntington*, 12 NY3d 275, 279-280 [2009]; *Vardoulias v County of Nassau*, 84 AD3d 787, 789 [2011]; *McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]). Concomitantly, the plaintiff failed to submit evidence sufficient to establish, prima facie, his entitlement to summary judgment on the issue of prior written notice of the alleged defective condition insofar as asserted against the County. Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting the County's motion for summary judgment dismiss-

ing the complaint insofar as asserted against it and denying the plaintiff's cross motion for summary judgment against the County on the issue of prior written notice of the alleged defective condition. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.