■ FLORENCE FISHER, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant. [20 NYS3d 167]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered January 9, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a defect in a sidewalk located in front of certain premises in New Hyde Park. The plaintiff commenced this action against the defendant, Town of North Hempstead, and, following discovery, the Town moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the allegedly defective sidewalk condition as required by section 26-1 of the Code of the Town of North Hempstead (hereinafter Town Code). Specifically, Town Code § 26-1 provides, in relevant part, that no civil action shall be maintained against the Town for damages or "injuries to person" sustained in consequence of any sidewalk being defec-

tive "unless written notice, manually subscribed by the complainant, of the defective . . . condition . . . was actually given to the Town Superintendent of Highways or the Town Clerk." The Supreme Court denied the Town's motion, and we reverse.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies" (*Cimino v County of Nassau*, 105 AD3d 883, 884 [2013]). "Prior written notice provisions, enacted in derogation of common law, are always strictly construed" (*Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]).

Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting the affidavits of the Town Clerk and the Assistant to the Town Superintendent of Highways, which indicated that they conducted a search of the records in their respective offices, covering the period of five years prior to the date of the accident, and found no prior written notice of a defective condition corresponding to the condition alleged by the plaintiff (*see Gorman v Town of Huntington*, 12 NY3d 275, 279-280 [2009]; *Bachvarov v Lawrence Union Free Sch. Dist.*, 131 AD3d 1182 [2015]; *Pallotta v City of New York*, 121 AD3d 656, 657 [2014]).

In opposition, the plaintiff failed to raise a triable issue of fact. The fact that the Town's Department of Public Works received certain prior written notice did not satisfy the requirement in Town Code § 26-1 that prior written notice be given to either the Town Clerk or the Town Superintendent of Highways (*see Gorman v Town of Huntington*, 12 NY3d at 279-280; *Bachvarov v Lawrence Union Free Sch. Dist.*, 131 AD3d 1182 [2015]).

Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.