■ ADELA KELLEY, Appellant, v INCORPORATED VILLAGE OF HEMPSTEAD, Respondent, and MADONNA HOLDINGS, LLC, et al., Appellants. (And a Third-Party Action.) [30 NYS3d 277]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered November 18, 2013, as granted that branch of the motion of the defendant Incorporated Village of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Madonna Holdings, LLC, appeals, and the defendants 7-11, Inc., and Southland Corporation separately appeal, from so much of the order as granted those branches of the motion of the defendant Incorporated Village of Hempstead which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal by the defendant Madonna Holdings, LLC, and the separate appeal by the defendants 7-11, Inc., and Southland Corporation from so much of the order as granted that branch of the motion of the defendant Incorporated Village of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it are dismissed, as they are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff, and insofar as reviewed on the appeal by the defendant Madonna Holdings, LLC, and the separate appeal by the defendants 7-11, Inc., and Southland Corporation, on the law, and the motion of the defendant Incorporated Village of Hempstead for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff-appellant and the defendants-appellants appearing separately and filing separate briefs.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a stop sign post stump in a grass strip between a sidewalk and curb in the defendant Incorporated Village of Hempstead. The plaintiff commenced this action against the Village, Madonna Holdings, LLC (hereinafter Madonna Holdings), the owner of the property adjacent to the grass strip, 7-11, Inc. (hereinafter 7-11), and Southland Corporation (hereinafter Southland). Southland and 7-11 leased one of the property units near the accident site. The complaint alleged, inter alia, that the defendants created the defective condition. The Village moved for summary judgment dismissing the complaint and all cross claims insofar as as-

serted against it on the basis that it had not received prior written notice of the defect that allegedly caused the plaintiff's accident, nor did it create such defect. The Supreme Court granted the Village's motion. We reverse.

" 'Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies' " (*Fisher v Town of N. Hempstead*, 134 AD3d 670, 671 [2015], quoting *Cimino v County of Nassau*, 105 AD3d 883, 884 [2013]; *see Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]). " 'The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality' " (*Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692, 692 [2014], quoting *Avellino v City of New York*, 107 AD3d 836, 837 [2013]). The affirmative negligence exception "is limited to work by the City that immediately results in the existence of a dangerous condition" (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008] [internal quotation marks omitted]; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Where, as here, the plaintiff has alleged that the affirmative negligence exception applies, the Village was required to show, prima facie, that the exception does not apply. Although the Village proved that it did not receive prior written notice of the alleged defect, it failed to establish, prima facie, that it did not create the alleged defect (*see Giaquinto v Town of Hempstead*, 106 AD3d 1049, 1050 [2013]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). In support of its motion for summary judgment, the Village submitted, inter alia, proof that in 2009 its employee removed the stop sign post and buried the remaining stump. However, the Village also submitted the deposition testimony of a nonparty "notice" witness which indicated that a portion of the stump existed above ground from the time when the stump was allegedly buried by the Village's employee up until the time of the plaintiff's accident in 2011. Consequently, there is an issue of fact as to whether the Village affirmative action in removing the stop sign post immediately resulted in a dangerous condition (*see Carlucci v Village of Scarsdale*, 104 AD3d 797 [2013]; *Braver v Village of Cedarhurst*, 94 AD3d at 934). Since the Village did not establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff or to Madonna Holdings,

7-11, or Southland to submit evidence sufficient to raise a triable issue of fact (*see McManus v Klein*, 136 AD3d 700 [2016]). Accordingly, the Village's motion should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

The appellants' remaining contentions are without merit or need not be reached in light of this determination. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.