(August 10, 2016)

■ Jose L. Abreu-Lopez, Respondent, v Incorporated Village of Freeport, Appellant, et al., Defendants. [36 NYS3d 492]—

In an action to recover damages for personal injuries, the defendant Incorporated Village of Freeport appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered October 1, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs,

and the motion of the defendant Incorporated Village of Freeport for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly tripped and fell due to a defect in a sidewalk and commenced this action against, among others, the defendant Incorporated Village of Freeport. The Village moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not have prior written notice of the alleged defect, and that it did not affirmatively create the alleged defect. The Supreme Court denied the motion.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies" (*Cimino v County of Nassau*, 105 AD3d 883, 884 [2013]; *see Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]; *Kelley v Incorporated Vil. of Hempstead*, 138 AD3d 931 [2016]; *Fisher v Town of N. Hempstead*, 134 AD3d 670, 671 [2015]). " 'The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality' " (*Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692, 692 [2014], quoting *Avellino v City of New York*, 107 AD3d 836, 837 [2013]).

Where, as here, the plaintiff has alleged that the affirmative negligence exception applies, the Village was required to show, prima facie, that the exception does not apply. Here, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defective condition (*see Gorman v Town of Huntington*, 12 NY3d 275, 279-280 [2009]; *Fisher v Town of N. Hempstead*, 134 AD3d at 671; *Bachvarov v Lawrence Union Free Sch. Dist.*, 131 AD3d 1182, 1186 [2015]; *Simon v Incorporated Vil. of Lynbrook*, 116 AD3d at 692-693; *Cimino v County of Nassau*, 105 AD3d at 884), and that it did not affirmatively create the alleged defective condition (*see Williams v Town of Smithtown*, 135 AD3d 854, 855 [2016]; *Wald v City of New York*, 115 AD3d 939, 941 [2014]; *Cimino v County of Nassau*, 105 AD3d at 884). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint

and all cross claims insofar as asserted against it. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.