ALFRED M. WALKER, Appellant, v COUNTY OF NASSAU, Respondent. [46 NYS3d 647]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated February 2, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the evening of January 28, 2012, the plaintiff allegedly slipped and fell on ice in front of the Theodore Roosevelt Executive and Legislative Building in Mineola. The accident occurred on the landing between two sets of exterior steps leading to the building entrance. The plaintiff subsequently commenced this action against the County of Nassau. Following discovery, the County moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged icy condition at the accident location as required by Nassau County Administrative Code § 12-4.0 (e). In opposition to the motion, the plaintiff argued that the County could not require prior written notice of the icy condition on the landing of an exterior stairway because it was not a location enumerated in General Municipal Law § 50-e (4). The Supreme Court granted the County's motion, and we affirm.

Where a local government has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received prior written notice of the defect, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]; *Abreu-Lopez v Incorporated Vil. of Freeport*, 142 AD3d 515 [2016]; *Kelley v Incorporated Vil. of Hempstead*, 138 AD3d 931, 933 [2016]; *Williams v Town of Smithtown*, 135 AD3d 854 [2016]). Here, the County established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of a County employee, which indicated that she had conducted a search of the relevant records covering a five-year period prior to the date of the accident, and found no written notice of any dangerous or defective conditions at the accident site (*see Bachvarov v Lawrence Union Free Sch. Dist.*, 131 AD3d 1182, 1185 [2015]; *Wolin v Town of N. Hempstead*, 129 AD3d 833, 834-835 [2015]; *Fischer v Village of New Sq.*, 127 AD3d 807, 808 [2015]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the County could

require prior written notice of the icy condition because the landing on the exterior steps of the building where the accident occurred provided the public with a general right of passage, and thus served the same functional purpose as a sidewalk, which is one of the locations specifically enumerated in General Municipal Law § 50-e (4) (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 129 [2011]; *Woodson v City of New York*, 93 NY2d 936, 937-938 [1999]; *Loiaconi v Village of Tarrytown*, 36 AD3d 864, 865 [2007]; *Mullen v Town of Hempstead*, 66 AD3d 745, 746 [2009]; *Youngblood v Village of Cazenovia*, 118 Misc 2d 1020, 1022 [1982], *affd* 93 AD2d 962 [1983]; *cf. Walker v Town of Hempstead*, 84 NY2d 360, 366 [1994]).

Accordingly, the Supreme Court properly granted the County's motion for summary judgment dismissing the complaint. Eng, P.J., Austin, Roman and Cohen, JJ., concur.