■ BEN LEWAK, Respondent, v TOWN OF HEMPSTEAD, Defendant, and CITY OF LONG BEACH, Appellant. [47 NYS3d 412]—

In an action to recover damages for personal injuries, the defendant City of Long Beach appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered Decem-

ber 8, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging that he was caused to fall when the bicycle he was riding encountered a depression on a roadway maintained by the defendant City of Long Beach. The City moved for summary judgment dismissing the complaint insofar as asserted against it on the basis that it had not received prior written notice of the defect that allegedly caused the plaintiff's accident, nor did it create such defect. The Supreme Court denied the motion. We affirm.

" 'Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies' " (*Abreu-Lopez v Incorporated Vil. of Freeport*, 142 AD3d 515, 516 [2016], quoting *Cimino v County of Nassau*, 105 AD3d 883, 884 [2013]). " 'The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality' " (*Abreu-Lopez v Incorporated Vil. of Freeport*, 142 AD3d at 516, quoting *Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692, 692 [2014]). "[T]he affirmative negligence exception 'is limited to work by the City that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Where, as here, the plaintiff has alleged that the affirmative negligence exception applies, the City was required to show, prima facie, that the exception does not apply (*see Abreu-Lopez v Incorporated Vil. of Freeport*, 142 AD3d at 516). Although the City established that it did not receive prior written notice of the alleged defect, it failed to establish, prima facie, that it did not create the alleged defect when its Sewer Maintenance Department opened up the street in the area of the plaintiff's fall prior to the accident (*see Kelley v Incorporated Vil. of Hempstead*, 138 AD3d 931, 933 [2016]; *Monaco v Hodosky*, 127 AD3d 705, 707 [2015]). Since the City did not establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the City's motion for summary

judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Hall, Cohen and Connolly, JJ., concur.