Trela v City of Long Beach (2018 NY Slip Op 00190)





Trela v City of Long Beach


2018 NY Slip Op 00190


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-03082
 (Index No. 2532/15)

[*1]Margaret E. Trela, respondent, 
v
City of Long Beach, appellant, et al., defendants. (Appeal No. 1)
Margaret E. Trela, plaintiff-respondent,
v
City of Long Beach, defendant-respondent, Christensen Management, Inc., et al., appellants. (Appeal No. 2)


Robert M. Agostisi, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for appellant in Appeal No. 1 and defendant-respondent in Appeal No. 2.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Amanda S. Reynolds of counsel), for appellants in Appeal No. 2.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Brian J. Shoot of counsel), for respondent in Appeal No. 1 and plaintiff-respondent in Appeal No. 2.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of Long Beach appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered February 10, 2017, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Christensen Management, Inc., and Board of Managers of the Oceanwalk Condominium Association separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendants appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell while riding her bicycle on a sidewalk abutting the premises of the defendants Christensen Management, Inc., and Board of Managers of the Oceanwalk Condominium Association (hereinafter together Oceanwalk). Approximately 1½ months prior to the incident, the defendant City of Long Beach had excavated a portion of the sidewalk and backfilled it with a temporary patch, cordoning off the area with safety barrels and yellow caution tape. At the time of the incident, the safety barrels and yellow caution tape were not present.
Oceanwalk moved for summary judgment dismissing the complaint and all cross [*2]claims insofar as asserted against it, contending that it had no duty to maintain the sidewalk where the accident occurred and, in any event, that it did not have notice of the alleged defect. The City cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the alleged defect and that it did not affirmatively create it. In the order appealed from, the Supreme Court denied both motions. Oceanwalk and the City separately appeal.
With respect to Oceanwalk, "[g]enerally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (James v Blackmon, 58 AD3d 808, 808). "The exceptions to this rule are when the landowner actually created the dangerous condition, made negligent repairs that caused the condition, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk" (Buonviaggio v Parkside Assoc., L.P., 120 AD3d 460, 461; see Gelstein v City of New York, 153 AD3d 604, 604; Metzker v City of New York, 139 AD3d 828, 829). The Charter of the City of Long Beach imposes a duty on landowners to maintain and repair abutting sidewalks (see Charter of City of Long Beach § 256). Here, Oceanwalk failed to establish, prima facie, that it had no duty to maintain the abutting sidewalk where the incident occurred (see Charter of City of Long Beach § 256; Code of Ordinances of City of Long Beach § 1-2). Oceanwalk also failed to establish, prima facie, that it did not have constructive notice of the condition that allegedly caused the plaintiff to fall (see Jeremias v Lake Forest Estates, 147 AD3d 742, 743; James v Orion Condo-350 W. 42nd St., LLC, 138 AD3d 927, 927; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599). Since Oceanwalk failed to meet its initial burden, the Supreme Court properly denied its motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to the City, "[w]here, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Palka v Village of Ossining, 120 AD3d 641, 641; see Amabile v City of Buffalo, 93 NY2d 471, 474). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728). The affirmative act exception, the only exception at issue here, is limited to work by the municipality that immediately results in the existence of a dangerous condition (id. at 728; Oboler v City of New York, 8 NY3d 888, 889; Beiner v Village of Scarsdale, 149 AD3d 679, 680).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). The plaintiff alleged, in her pleadings, that the City negligently maintained and repaired the sidewalk and affirmatively created the dangerous condition that caused the accident. Thus, to establish its prima facie entitlement to judgment as a matter of law, the City was required to demonstrate, prima facie, both that it did not have prior written notice of the alleged defect, and that it did not create the alleged defect (see Loghry v Village of Scarsdale, 149 AD3d 714, 715; Beiner v Village of Scarsdale, 149 AD3d at 680; McManus v Klein, 136 AD3d 700, 701; Lima v Village of Garden City, 131 AD3d 947, 948; Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 958).
Although the City demonstrated that it did not receive prior written notice of the allegedly dangerous condition of the sidewalk, it failed to establish, prima facie, that it did not create the allegedly dangerous condition. The City's evidentiary submissions failed to eliminate triable issues of fact as to whether its work on the sidewalk immediately left it in a condition that was dangerous to pedestrians and bicyclists (see Kiernan v Thompson, 73 NY2d 840, 841-842; Lewak v Town of Hempstead, 147 AD3d 919, 920; Kelley v Incorporated Vil. of Hempstead, 138 AD3d 931, 933; Monaco v Hodosky, 127 AD3d 705, 707; cf. Yarborough v City of New York, 10 NY3d at 728). Since the City did not establish its prima facie entitlement to judgment as a [*3]matter of law, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Accordingly, the Supreme Court properly denied that branch of the City's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court