Colon v New York Mercantile Exch., Inc. (2019 NY Slip Op 03565)





Colon v New York Mercantile Exch., Inc.


2019 NY Slip Op 03565


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2018-04302
 (Index No. 16762/12)

[*1]Edwin Colon, respondent, 
v
New York Mercantile Exchange, Inc., et al., defendants, Cushman & Wakefield, Inc., appellant (and a third-party action).


Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for appellant.
Talisman & DeLorenz, P.C., Brooklyn, NY (Robert A. Abruzzino of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cushman & Wakefield, Inc., appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 24, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 23, 2011, the plaintiff, who was a security guard employed by the defendant S.E.B. Services of New York, Inc. (hereinafter SEB), for a building located in Manhattan which was owned by the defendant New York Mercantile Exchange, Inc. (hereinafter NYME), allegedly slipped and fell on water inside the building. The plaintiff commenced this action against NYME , among others, and thereafter amended the complaint to add as defendants Cushman & Wakefield, Inc. (hereinafter C & W), and SEB. In June 2011, C & W managed the subject building, which included providing janitorial services.
C & W moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied the motion without prejudice to renew after the completion of discovery. C & W appeals from so much of the order as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence" (Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 914) for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, in support of its motion, besides providing copies of the pleadings and a copy of an order related to prior motions as exhibits, C & W only submitted a transcript of the plaintiff's deposition testimony. The plaintiff testified that he slipped on dirty water as he traversed the hallway [*2]leading to the loading dock area, where janitors would wash trash cans inside large sinks with hoses. Contrary to C & W's contention, the plaintiff's deposition testimony was insufficient to demonstrate, prima facie, that it did not create the alleged hazardous condition (see Lewak v Town of Hempstead, 147 AD3d 919, 920).
Accordingly, we agree with the Supreme Court's determination to deny C & W's motion for summary judgment dismissing the amended complaint insofar as asserted against it regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court