Osman v Town of Smithtown (2019 NY Slip Op 06504)





Osman v Town of Smithtown


2019 NY Slip Op 06504


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-05025
 (Index No. 602399/16)

[*1]Franklin A. Osman, et al., appellants,
v
Town of Smithtown, respondent.


David A. Kaplan, New York, NY, for appellants.
Purcell & Ingrao, P.C., Mineola, NY (Lynn A. Ingrao of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated March 12, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 1, 2015, the plaintiff Franklin A. Osman (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell while walking on a pathway at the Hoyt Farm Nature Preserve (hereinafter the Nature Preserve), which was located in, and owned and operated by, the defendant, Town of Smithtown. At the time of his fall, the injured plaintiff, after attending an exhibit at the Nature Preserve, was walking to the parking lot along the same pathway he had traversed approximately 30 minutes earlier.
In February 2016, the injured plaintiff, and his wife suing derivatively, commenced this action against the Town, alleging, inter alia, that the Town was negligent in its ownership, operation, maintenance, and control of the subject pathway. After discovery, the Town moved for summary judgment dismissing the complaint. The Town argued, inter alia, that the injured plaintiff was unable to identify the cause of his fall and that the Town did not receive prior written notice of the alleged dangerous condition as required by Town Law § 65-a(2) and the Code of the Town of Smithtown §§ 245-13 and 245-14. The Supreme Court granted the motion on the ground that the injured plaintiff failed to identify the cause of his fall and, even if he had, he failed to raise a triable issue of fact in opposition to the Town's prima facie showing that it neither created nor had actual or constructive notice of the alleged dangerous condition. The plaintiffs appeal. We affirm, albeit for reasons other than those relied upon by the court.
"A municipality that has enacted a prior written notice provision may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Seegers v Village of Mineola, 161 AD3d 910, 910, quoting Palka v Village of Ossining, 120 AD3d 641, 641; see Town Law § 65-a[2]; Taustine v Incorporated Vil. of Lindenhurst, 158 AD3d 785). "Two exceptions to the prior written notice requirement have been recognized, namely, where the locality created the defect or hazard through an affirmative act of negligence and where a "special use" confers a special benefit upon the locality'" (Seegers v Village of Mineola, 161 AD3d at 911, quoting Amabile v City of Buffalo, 93 NY2d 471, 474).
The prima facie showing that a municipality must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings (see Seegers v Village of Mineola, 161 AD3d at 911; Lima v Village of Garden City, 131 AD3d 947, 948). Here, the plaintiffs failed to allege in either the complaint or the bill of particulars that the Town made a special use of the subject pathway or that the Town created the alleged dangerous condition through an affirmative act of negligence. Thus, the Town established its prima facie entitlement to judgment as a matter of law by submitting evidence, including an affidavit of the Town Clerk and the deposition transcript of the acting director of the Town Parks Department, who was the maintenance crew leader at the time of the plaintiff's accident, demonstrating that the Town did not receive prior written notice of the alleged dangerous condition (see Code of the Town of Smithtown § 245-13; Lahens v Town of Hempstead, 132 AD3d 954; Chirco v City of Long Beach, 106 AD3d 941). Since the plaintiffs failed to allege in their pleadings that the affirmative negligence exception applies, the Town was not required to show, prima facie, that the exception did not apply (see Chirco v City of Long Beach, 106 AD3d at 942; cf. Trela v City of Long Beach, 157 AD3d 747, 750; Lewak v Town of Hempstead, 147 AD3d 919, 920).
In opposition, the plaintiffs failed to raise a triable issue of fact (see Walker v County of Nassau, 147 AD3d 806). To the extent that the plaintiffs rely upon San Marco v Village/Town of Mount Kisco (16 NY3d 111) to except the Town from the prior written notice requirement, such reliance is misplaced. In this case, unlike San Marco, the plaintiffs failed to allege or proffer any evidence of affirmative negligence, and the conclusory allegations that a snow pile melted and refroze were insufficient to raise a triable issue fact (see Morreale v Town of Smithtown, 153 AD3d 917; Lima v Village of Garden City, 131 AD3d 947; David v Chong Sun Lee, 106 AD3d 1044; Masotto v Village of Lindenhurst, 100 AD3d 718).
In light of our determination, the parties' remaining contentions have been rendered academic.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostin
Clerk of the Court