Defilippo v City of Glen Cove (2019 NY Slip Op 09254)





Defilippo v City of Glen Cove


2019 NY Slip Op 09254


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-11904
 (Index No. 605391/16)

[*1]Peter Defilippo, etc., appellant, 
v
City of Glen Cove, et al., respondents, et al., defendant.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Michael F. Villeck and Cindy S. Simms of counsel), for appellant.
Sokoloff Stern LLP, Carle Place, NY (Kiera J. Meehan and Stuart Diamond of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered September 14, 2018. The order granted the motion of the defendants the City of Glen Cove and City of Glen Cove Department of Public Works for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On December 19, 2015, Grace Defilippo (hereinafter the decedent) allegedly tripped and fell on a public sidewalk abutting the premises located at 3 School Street in Glen Cove. The decedent died in March 2016. Subsequently, the decedent's son, the plaintiff, Peter Defilippo, as administrator of the decedent's estate and individually, commenced this action against, among others, the defendants City of Glen Cove and City of Glen Cove Department of Public Works (hereinafter together the municipal defendants) to recover damages for, among other things, wrongful death. Following the completion of discovery, the municipal defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that they did not receive prior written notice of the defect alleged, as required by Glen Cove City Charter § C4-4. The Supreme Court granted the municipal defendants' motion, and the plaintiff appeals.
The municipal defendants established their prima facie entitlement to judgment as a matter of law by submitting the affidavits of the Senior Account Clerk in the City of Glen Cove's Department of Public Works and the City Clerk, both of whom averred that they searched the appropriate records and found no prior written notice of a defective condition corresponding to the condition alleged by the plaintiff (see Walker v County of Nassau, 147 AD3d 807; Bachvarov v Lawrence Union Free Sch. Dist., 131 AD3d 1182). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the municipal defendants received prior written notice of the defect alleged.
Accordingly, we agree with the Supreme Court's determination granting the municipal defendants' motion for summary judgment dismissing the complaint insofar as asserted [*2]against them.
BALKIN, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court