Moonah v County of Westchester (2026 NY Slip Op 50264(U))

[*1]

Moonah v County of Westchester

2026 NY Slip Op 50264(U)

Decided on March 5, 2026

Supreme Court, Westchester County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2026
Supreme Court, Westchester County

Nezam Moonah, Plaintiff,

againstThe County of Westchester, The City of Mount Vernon, 
 Space Age Alarms, Inc., and Trustee Johnson Claude, Defendant.

Index No. 65726/2023

Walter Rivera, J.

Plaintiff Nezam Moonah filed the instant motion seeking i) an order pursuant to CPLR 2221(d), granting plaintiff leave to reargue this Court's Decision and Order dated September 11, 2025; ii) an order pursuant to CPLR 2221(e), granting plaintiff leave to renew this Court's Decision and Order dated September 11, 2025; iii) upon the granting of reargument and renewal, an order compelling defendant City of Mount Vernon to provide a supplemental discovery response; and iv) pursuant to 22NYCRR 202.21(d), an order extending the parties' time to file a trial readiness stipulation and plaintiff's time to file a note of issue and certificate of readiness. Defendant City of Mount Vernon (hereinafter "City") opposes the motion but provided an additional "Jackson Affidavit" looking back six (6) years, as opposed to the prior affidavit provided by defendant that looked back five (5) years.
The following papers were read and considered in connection with defendant's motion:
PAPERS                    
NYSCEF Doc. Nos.Notice of Motion/Affirmation in Support/Exhibits A-C 83-87Affirmation in Opposition/Affidavit/Exhibits A-B 90-93Affirmation in Reply 96FACTUAL AND PROCEDURAL BACKGROUNDPlaintiff Nezam Moonah commenced the instant personal injury action seeking damages allegedly sustained when Moonah tripped and fell on a sidewalk abutting 222-224 North 5th Avenue in the City of Mount Vernon on December 15, 2022. This Court issued a Decision and Order on September 12, 2025, denying plaintiff's motion to compel supplemental discovery, namely an expanded search of the City's records looking back ten (10) years. The Court's Decision and Order included a recitation of the facts of this case and the procedural background until that point (NYSCEF Doc. No. 78).
Plaintiff filed the instant motion to renew and reargue this Court's Decision and Order on October 3, 2025. Defendant City filed an opposition to the motion on November 3, 2025 along [*2]with an expanded searcher's affidavit, also referred to as a "Jackson Affidavit," looking back six (6) years and sworn to by Yoseuf Ellis, Principal Clerk of the Department of Public Works for the City of Mount Vernon (NYSCEF Doc. No. 91). The original affidavit provided by City, which this Court deemed sufficient, looked back five (5) years and was sworn to by John Nuculovic, Deputy Commissioner of the Department of Public Works for the City of Mount Vernon (NYSCEF Doc. No. 59).
In their motion to reargue, plaintiff alleges that this Court misapprehended controlling law regarding waivers of objection under CPLR 3122 and the sufficiency of search affidavits. In their motion to renew, plaintiff annexes photographic evidence they failed to annex to their initial motion due to "law office error" but which was in their possession at the time of filing.

ANALYSIS
Initially, this Court notes that the affirmations of David Saxman, Esq., dated October 3, 2025 and December 9, 2025, filed in support of plaintiff's motion, fail to comport with the amended statutory language of CPLR 2106 (NYSCEF Doc. Nos. 84 & 96).
CPLR 2106 provides as follows:
The statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:I affirm this ___ day of _____, _____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.The subject affirmations are made only "under the penalties of perjury," which, effective January 1, 2024, is not legally sufficient. The Advisory Committee Notes to CPLR 2106 state, "While attorneys always have a professional duty to state the truth in papers, the affirmation under the proposed rule gives attorneys adequate warning of the possibility of prosecution for perjury for a false statement." (Zhou v. Cent. Radiology, PC, 84 Misc 3d 410, 419 [Sup Ct, Queens County 2024].)
Further, inasmuch as the amended rule includes the word "shall" within its directive, the language set forth thereafter is mandatory and not merely a suggestion. (See Diego Beekman Mut. Hous. Assn. Hous. Dev. Fund Corp. v Hammond, 81 Misc 3d 1244(A) [Civ Ct, Bronx County 2024].) The failure to include the required language as set forth in CPLR 2106 cannot be said to be harmless and renders the affirmation inadmissible and of no probative value (See Zhou at 419; R.F. v L.K., 82 Misc 3d 1221(A) [Sup Ct, Westchester County 2024]; see generally Matter of Grandsard v Hutchinson, 227 AD3d 491 [1st Dept 2024]; Great Lakes Ins. SE v American S.S. Owners Mut. Protection & Indem. Assn. Inc., 228 AD3d 429 [1st Dept 2024]; Fifth Partners LLC v Foley, 227 AD3d 543 [1st Dept 2024]; Kallo v. Kane St. Synagogue, 241AD3d 522 [2nd Dept 2025].) Accordingly, plaintiff's counsel's affirmations are inadmissible and lack probative value.
Alternatively, even if the Court were to consider the plaintiff's motion to reargue and renew on the merits, denial of the motion is still warranted.
Pursuant to CPLR 2221 (d), a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion." It is settled that a motion to reargue is not designed "to provide an unsuccessful party [*3]with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594 [2d Dept 1999] [internal citations omitted]). Here, plaintiff posits that the Court overlooked what they called a "dispositive procedural point", arguing that City waived all objections to plaintiff's discovery demands by failing to timely object to them or by seeking a protective order. In support of their argument, plaintiff refers to the "Biedermann" case but fails to provide it's full name or a citation. In any event, defendant City filed a particularized response to plaintiff's discovery demands, albeit two days late, which this Court addressed and excused in its previous Decision and Order (NYSCEF Doc. No. 78).
Plaintiff further alleges that this Court misapprehended the law regarding searcher's affidavits. This Court reviewed the searcher's affidavit provided to plaintiff and found that it was thorough and conducted in good faith. Despite this Court's acceptance of the affidavit provided, defendant now provides another searcher's or "Jackson affidavit', this time going back six (6) years, since, as noted in the Court's decision, the City is required to maintain relevant records for six (6) years in accordance with the Retention and Disposition Schedule for New York Local Government Records (LGS-1). This new search was conducted by Yoseuf Ellis, Principal Clerk of the Department of Public Works of the City of Mount Vernon, and this search did not reveal any relevant records (NYSCEF Doc. No. 91). Plaintiff repeatedly asserts that City must conduct a search looking back ten (10) years but provides no caselaw to support this demand. A search of relevant records covering the period of five (5) years prior to the date of the incident is customary (see Bachvarov v. Lawrence Union Free School Dist., 131 AD3d 1182 [2d Dept 2015], Walker v. County of Nassau, 147 AD3d 806 [2d Dept 2017]) and the City is only required to retain records for six (6) years (see Retention and Disposition Schedule for New York Local Government Records [LGS-1]). Accordingly, plaintiff's papers provide no basis for this Court to grant plaintiff's motion to reargue.
Plaintiff further misguidedly maintains that a motion to renew is warranted and provides a 2012 photograph from Google Street View allegedly demonstrating the existence of the defect at issue for approximately ten (10) years. "Generally, a motion to renew must be based upon newly-discovered material facts or evidence which existed at the time that the prior motion was made but which were unknown to the party seeking renewal" (Chiarella v. Quitoni, 178 AD2d 502, 502 [2d Dept 1991]). Here, the photograph at issue was known to the plaintiff at the time of the prior motion, but the image was not attached to the motion. Plaintiff attributes their failure to annex the photograph in question as "classic law office error". Notably, the photograph is not a newly discovered fact or evidence. In fact, the photograph was marked as an exhibit and discussed during Mr. Nuculovic's deposition, which was conducted in March 2025 (NYSCEF Doc. No. 86, Ps. 52-53).
As plaintiff has failed to establish that the Court misapprehended the law or fact in reaching its conclusion, plaintiff's motion to reargue is without basis. Furthermore, plaintiff cites no newly discovered evidence providing the basis for a motion to renew.

 CONCLUSION
Accordingly, it is hereby
ORDERED, that plaintiff's motion to reargue, pursuant to CPLR 2221 (d), is DENIED;
ORDERED, that plaintiff's motion to renew, pursuant to 2221(e), is DENIED;
ORDERED, that plaintiff's motion to compel supplemental discovery is DENIED;
ORDERED, that the parties' time to file a trial readiness stipulation is extended to March [*4]31, 2026. No further extensions will be granted.
Dated: March 5, 2026White Plains, New YorkE N T E R:HON. WALTER RIVERA, J.S.C.